INVERKIP S. S. CO., Limited, v. LIND.

(District Court, S. D. New York. February 4, 1910.)

*(Syllabus by the Judge.)*

PRINCIPAL AND AGENT (§ 23*)—RELATIONSHIP—EVIDENCE.

*Held,* that the question has already in effect been decided adversely to the allowance of such claim by this court and by the circuit court of appeals in Stoomvart, etc., Lloyd v. Lind, 170 Fed. 918, and further that under the peculiar wording of the contracts, the respondent seems to have been acting altogether for himself and is not entitled to compensation for his services from the ship owners.

[Ed. Note.—For other cases, see Principal and Agent, Cent. Dig. § 41; Dec. Dig. § 23.*]

In Admiralty. Actions by the Inverkip Steamship Company, Limited, against Erik G. Lind, by the Falls Line Steamship Company, Limited, against the same, by the Braemont Steamship Company, Limited, against the same, and by the Earl of Carrick Steamship Company, Limited, against the same. Decrees for libellants.

Convers & Kirlin, for libellants.
Wilcox & Green, for respondent.

ADAMS, District Judge. These various actions were brought by the libellants to recover the sums alleged to be due, respectively $240.32, $109.23, $78.34, $108.97 and $153.23, aggregating $630.09, deducted by the respondent from the hire of the various steamships

mentioned on claims that services were rendered in collecting large amounts from the Government for the owners. The libellants sue for the amounts on the theory that the respondent is liable to them for the same amount that he collected from the Government. The claims are based on the proposition that the charter parties on which the suits are brought were made by the libellants as owners of the vessels with the respondent as charterer, not as agent of the Government, and that the respondent did not act as agent for the libellants in collecting the money for the reason that the libellants had no contract with, and therefore had no claim against, the Government.

The contention on the part of the respondent is expressed in the answer in the first above entitled action as follows:

"Seventh: Further answering, respondent alleges that as appears by inspection thereof, respondent executed the charter party mentioned in the libel as contractor thereunder for the Bureau of Equipment of the Navy Department of the United States; that the cargo was provided by the U. S. Government for the use of the Navy, and the detention mentioned in the libel was wholly due to the U. S. Government and its officers; that such detention was within the contemplation and expectation of the parties when the charter was made, and by the charter it was provided as follows: 'Demurrage, general average and all other claims against the cargo to be settled by the Government at Washington;' that it was agreed between libellant and respondent that the detention mentioned in the libel constituted demurrage to be settled at Washington by the Government under said quoted clause, and that libellant would look to the U. S. Government for payment thereof, and not to respondent: that in consideration thereof, and at the request of libellant, and acting on behalf of libellant, respondent presented and submitted to the U. S. Government libellant's claim of damages for said detention, and thereafter procured the allowance thereof by the U. S. Government at the sum of $9612.76, and collected said amount from the U. S. Government; that in so acting, respondent, by agreement and understanding with libellant, acted as libellant's agent, and thereafter in accounting to libellant for said collection, deducted the sum of $240.32 as a commission for his said services: and that said deduction was in accordance with settled and established usage and custom well known to libellant."

The other answers, with the necessary changes, were practically the same.

The question to be determined therefore is, was the respondent entitled to anything from the libellants for his services in collecting the amounts for them from the Government. It is conceded by the libellants that some services were rendered but it is contended that the charters on which the libellants sue were charters between the libellants and the respondent to which the Government was not a party but that the respondent was the charterer and not an agent for the Government, and it is further urged that the respondent cannot successfully maintain his claim, because the contention of the libellants has been established by a decision of the circuit court of appeals for this circuit in the case of Stoomvart Maatschaffy Nederlandsche Lloyd v. Lind, 170 Fed. 918, 96 C. C. A. 134.

Some distinctions between the contracts here and those in the Stoomvart Case are claimed. In the latter, the demurrage was to be paid by Lind, while here it was provided: "13. Demurrage * * * to be settled by the Government at Washington" but in view of the language

of Judge Hough in deciding the Stoomvart Case, affirmed on appeal, except with regard to the amount of damage, which was increased, there seems to be no appreciable difference. He said:

"It cannot be doubted that this action is brought against the proper party respondent. The form of the Nederland's charter party declares that the vessel was hired 'for account of the United States Government,' and the depositions show that her owners were inclined to the opinion that their contract was with the Navy Department of the Government. But the facts are too plain for speculation or inference.

"Lind & Co. were themselves not agents of the Navy Department, but contractors with that Department.

"They had personally engaged to furnish transportation for certain coal belonging to the Navy, at a certain price per ton, and they hired the Nederland to effect a part of that transportation at a less price per ton. It is difficult to imagine how agency can exist under such circumstances, yet if it does, and the charter in suit is a contract with the Government, an action must lie upon it (inter alia) for the charter monies, and against the United States. I think the statement of this proposition its own refutation.

"It is further urged for the defense that even if the contract in suit be with Lind & Co. alone, the terms thereof forbid any action for demurrage because it was agreed in effect that all demurrage claims were to be 'settled in Washington,' which phrase is asserted to mean that they were to be submitted to the judgment of some Naval Official, and to none other.

"I can see no force in this contention unless it be held that the contract itself is with the Government. If that were the case it might be reasonable considering the general immunity of the Sovereign from legal pursuit, to stipulate for an arbitrator; but if as I believe that the charter party is with Lind &.Co. only, then that partnership must pay what demurrage has accrued under the terms of contract, and the stipulation regarding 'settlement in Washington' amounts to no more than an arbitration agreement,—far less strongly worded than the one usually found in the charters, which has been repeatedly held not to oust the courts of their accustomed jurisdiction."

I think the decision cited governs this case. Under the peculiar wording of the contracts, the respondent seems to have been acting altogether for himself and cannot in any respect be deemed entitled to compensation from the libellants for collecting the money.

Decrees for the libellants for the amounts specified, with interest.